# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2179V

| | |
|---|---|
| VICKIE BEARD,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 4, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 27, 2023, Vickie Beard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on November 1, 2022. Petition, ECF No. 1. On May 16, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,402.94 (representing $44,560.20 in fees, plus $842.74 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 9, 2025. ECF No. 32. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses, indicating that litigation costs were incurred by Petitioner's counsel. ECF No. 32 at 2.

Respondent reacted to the motion on July 22, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested by attorney Jonathan Svitak and supporting paralegals through the end of 2025, are reasonable and consistent with our prior determinations and will therefore be adopted. The hourly rates requested by Nathan Marchese, however, require adjustment.

Mr. Marchese was previously awarded the rate of $445.00 for work performed in 2025, less than requested herein. *See Smith* v. *Sec'y of Health & Hum. Servs.,* No. 24-0748V, Slip Op. 38 (Fed. Cl. Spec. Mstr. July 24, 2025). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce attorney Marchese's rates to be consistent with *Wood*. Application of the foregoing reduces the fees to be awarded herein by **$21.50**.[3]

*B. Excessive Intraoffice communications*

Additionally, the billing records reveal a common practice of intraoffice communications between attorney Marchese and his supporting paralegals. Mr. Marchese billed approximately 8.50 hours[4] on internal email correspondence, suggesting some degree of overbilling compounding the excessive fees requested herein. It is well established that attorney's fees may be reduced due to excessive and duplicative billing practices. See *Tetlock* v. *Sec'y of Health & Human Servs.*, No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award for excessive

---

[3] This amount consists of reducing Nathan Marchese's 2025 rate and is calculated as follows: ($450.00 - $445.00 = $5.00 x 4.30 hrs.) = $21.50.

[4] Examples of excessive intraoffice entries billed by Mr. Marchese include, but are not limited to the following: 11/25/23 (three entries); 12/5/23 (three entries); 12/6/23 (two entries); 12/7/23; 12/8/23; 12/27/23 (ten entries); 12/29/23; 1/11/24 (three entries); 1/20/24; 1/22/24 (two entries); 1/23/24 (two entries); 1/24/24 (two entries); 1/25/24 (two entries); 1/29/24 (six entries); 1/30/24; 2/5/24 (eight entries); 2/16/24; 3/4/24 (two entries); 3/5/24 (four entries); 4/9/24 (two entries). See ECF No. 32-2.

and duplicative billing); *Panaitescu* v. *Sec' y of Health & Human Servs*., No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the client and with each other); See also *Ericzon* v. *Sec'y of Health & Human Servs*., No. 10–103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing).

### C. Excessive Amounts Billed to Case Generally

Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* Here, the overall fees sought is facially high - exceeding both Petitioner's recovery and what counsel normally bills in comparable SPU matters. Counsel must in the future ensure not to bill sums to a matter where the disparity between time expended by counsel and the Petitioner's award is so readily evident.

### D. Summary of Fee Reduction

In determining a fees award, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary,'" based on the special master's "experience or judgment." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). And in evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *ten percent* as a fair adjustment to account for the overbilling issue reflected herein. This results in an overall reduction in the amount of fees to be awarded of **$4,453.87.**[5]

---

[5] This amount is calculated as follows and accounts for Mr. Marchese's rate reduction noted above: ($44,538.70 x 0.10%) = $4,453.87.

4

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 32-4. Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $40,927.57 (representing $40,084.83 in fees plus $842.74 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.